1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MUSU C. BENNETT,

11            Plaintiff,                No. CIV S-10-3320 MCE EFB PS

12       vs.

13   MARY LATTIMORE AND
     ASSOCIATES, et al.,                ORDER
14
              Defendants.
15   _____/

16       Plaintiff has filed an application to proceed *in forma pauperis*, and has submitted an

17   affidavit purporting to demonstrate that she is unable to prepay fees and costs or give security for

18   them.[1]  Dckt. No. 2.  Plaintiff states in the application that she is not currently employed and that

19   she receives $1245.00 per month in Social Security benefits.  However, the application also

20   states that plaintiff receives an unspecified amount per month in "rent payments, interest, or

21

22       [1] It is unclear whether plaintiff seeks leave to proceed *in forma pauperis* pursuant to 42
     U.S.C. § 2000e-5(f)(1) or pursuant to 28 U.S.C. § 1915.  *See* 42 U.S.C. § 2000e-5(f)(1) ("Upon
23   application by the complainant and in such circumstances as the court may deem just, the court
     may appoint an attorney for such complainant and may authorize the commencement of the
24   action without the payment of fees, costs, or security."); 28 U.S.C. § 1915(a)(1) ("[A]ny court of
     the United States may authorize the commencement, prosecution or defense of any suit, action or
25   proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor,
     by a person who submits an affidavit that includes a statement of all assets such [person]
26   possesses that the person is unable to pay such fees or give security therefor.").

                              1

1 dividends," and that she owns a 2003 Honda Element; a primary home in Oroville, CA; a rental

2 property in Oroville, CA; and a rental property in San Jose, CA. *Id.* Plaintiff does not indicate

3 whether she has any money in cash or in a checking or savings account. *Id.*

4       Because the value of plaintiff's properties and the amount of income she generates from

5 her rental properties is unclear, and because plaintiff has not indicated whether she has any

6 money in cash or in a checking or savings account, the affidavit is insufficient to evaluate

7 whether plaintiff can pay or give security for court costs and still be able to provide herself and

8 her dependents with the necessities of life. *See Adkins v. E.I. Dupont de Nemours & Co.*, 335

9 U.S. 331, 339 (1948).

10       Accordingly, plaintiff is directed to file, within fourteen days of this order, a further

11 affidavit clarifying (1) how much monthly income she generates from her rental properties; (2)

12 the amount of money she has in cash or in a checking or savings account; and (3) the value of the

13 assets she owns. The court will then resume consideration of plaintiff's application to proceed *in*

14 *forma pauperis.*[2]

15       SO ORDERED.

16 DATED: December 22, 2010.

                  EDMUND F. BRENNAN
                  UNITED STATES MAGISTRATE JUDGE

---

21     [2] Further, although plaintiff's complaint does not allege a specific basis for relief, it appears that plaintiff is purporting to sue under Title VII of the Civil Rights Act of 1964, 42

22 U.S.C. § 2000e-5. However, among other problems with plaintiff's complaint, plaintiff does not allege that she filed a charge with the U.S. Equal Employment Opportunity Commission, does

23 not allege that she received a notice of her right to sue or attach a copy of any such notice to her complaint, and does not establish, therefore, that she exhausted her administrative remedies or

24 that this action was timely filed. *See* 42 U.S.C. § 2000e-5(e)(1), (f)(1). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the action

25 is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. Nonetheless, the court defers ruling on these issues until

26 after plaintiff's *in forma pauperis* status is determined.

2