IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MUSU C. BENNETT,

      Plaintiff,

vs.

TETRA TECH EC, INC.; LARRY SPENCER; BOB WELLS,

      Defendants.

No. CIV S-10-3320 MCE EFB PS

ORDER AND
ORDER TO SHOW CAUSE

/

On December 13, 2010, plaintiff has filed a complaint herein, and an application to proceed *in forma pauperis*. Dckt. Nos. 1, 2. She also submitted an affidavit in support of her *in forma pauperis* application purporting to demonstrate that she is unable to prepay fees and costs or give security for them.[1] Plaintiff states in the application that she is not currently employed and that she receives $1245.00 per month in Social Security benefits. Dckt. No. 2. However, the application also stated that plaintiff receives an unspecified amount per month in "rent payments, interest, or dividends," and that she owns a 2003 Honda Element, a primary home in Oroville, CA, a rental property in Oroville, CA, and a rental property in San Jose, CA. *Id.* The

---

[1] As noted in this court's December 22, 2010 order, it is unclear whether plaintiff seeks leave to proceed *in forma pauperis* pursuant to 42 U.S.C. § 2000e-5(f)(1) or pursuant to 28 U.S.C. § 1915. *See* Dckt. No. 3 at 1, n.1.

1

application did not indicate whether she has any money in cash or in a checking or savings account. *Id.*

Therefore, the undersigned issued an order stating that "[b]ecause the value of plaintiff's properties and the amount of income she generates from her rental properties is unclear, and because plaintiff has not indicated whether she has any money in cash or in a checking or savings account, the affidavit is insufficient to evaluate whether plaintiff can pay or give security for court costs and still be able to provide herself and her dependents with the necessities of life." Dckt. No. 3 at 2 (citing *Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). The order directed plaintiff to file "a further affidavit clarifying (1) how much monthly income she generates from her rental properties; (2) the amount of money she has in cash or in a checking or savings account; and (3) the value of the assets she owns," and stated that the court would "then resume consideration of plaintiff's application to proceed *in forma pauperis*."[2] *Id.*

On January 3, 2011, plaintiff filed an "affidavit of clarification" explaining how much monthly income plaintiff generates from her rental properties ($1100.00/month), the amount of her monthly Social Security benefits ($1245.00/month), the amount of her monthly mortgage on her primary residence ($2082.69), and the monetary value of her 2003 Honda Element ($6000.00). Dckt. No. 4. However, that affidavit also explained that after deducting plaintiff's monthly mortgage from her monthly income, she still has $262.31 remaining each month. Further, the affidavit still does not explain how much money plaintiff has in cash or in a

---

[2] The order also noted that although plaintiff's complaint does not allege a specific basis for relief, it appears that plaintiff is purporting to sue under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5. However, among other problems with plaintiff's complaint, plaintiff does not allege that she filed a charge with the U.S. Equal Employment Opportunity Commission, does not allege that she received a notice of her right to sue or attach a copy of any such notice to her complaint, and does not establish, therefore, that she exhausted her administrative remedies or that this action was timely filed. *See* 42 U.S.C. § 2000e-5(e)(1), (f)(1). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. Nonetheless, the court deferred ruling on these issues until after plaintiff's *in forma pauperis* status is determined.

checking or savings account, and the documents attached to the affidavit, which suggest that plaintiff currently has only $27.77 in her checking/savings account, also reveal that over the past several months, plaintiff has made significant monetary transfers into that account from unknown sources and out of that account into what appear to be other unknown accounts. *See, e.g.,* Dckt. No. 4 at 3 (indicating a transfer of $200.00 from a "Complete Advantage" Account on 12/20/10; a transfer of $200.00 from the Complete Advantage Account on 12/17/10; a transfer of $5600.00 to the Complete Advantage Account on 12/13/10; a deposit of $5669.83 from an unknown source on 12/9/10); *id.* at 4 (indicating a transfer of $30.00 to a "Checking" Account on 12/6/10; a transfer of $19.00 to a "Business Checking" Account on 12/3/10; a transfer of $650.00 to the Complete Advantage Account on 12/3/10; a withdrawal of $1100.00 made on 12/3/10; a transfer of $200.00 to the Business Checking Account on 11/12/10; a transfer of $300.00 to the Complete Advantage Account on 11/12/10; a deposit of $300.40 from an unknown source on 11/10/10; transfer of $750.00 to the Complete Advantage Account on 11/4/10); *id.* at 6 (indicating a transfer of $1000.00 to the Checking Account on 10/4/10; a transfer of $1000.00 to the Complete Advantage Account on 10/1/10). The documents attached to the affidavit also suggest that plaintiff's checking/savings account receives *two* deposits of Social Security income each month: one in the amount of $1154.00/month and one in the amount of $1254.00/month. *See* Dckt. No. 4 at 4, 5, 6. Additionally, a letter from American Home Mortgage Servicing, Inc., which plaintiff attached to her "affidavit of clarification" states that American Home Mortgage Servicing, Inc. determined plaintiff's total gross monthly income "to be $6,573.20 based upon the income documentation [plaintiff] provided" to them. *Id.* at 8.

Pursuant to federal statute, a filing fee of $350.00 is required to commence a civil action in federal district court. 28 U.S.C. § 1914(a). The court may only authorize the commencement of an action without prepayment of fees and costs or security therefor by a person who submits an affidavit showing that she is unable to pay such costs or give security therefor. 28 U.S.C. § 1915(a)(1). An *in forma pauperis* applicant must demonstrate that because of her poverty, she

3

cannot meet court costs and still provide herself and her dependents with the necessities of life. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (affidavit is sufficient if it represents that the litigant is "unable to pay for the court fees and costs, and to provide necessities for himself and his dependents") (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948); *see also*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988) (denying *in forma pauperis* status where applicant had a net income of approximately $20,000). Based on the record before the court, it does not appear that plaintiff's affidavits have painted a clear picture of *all* of plaintiff's assets and liabilities and it does not appear that plaintiff is unable to pay or give security for court costs and still be able to provide herself and her dependents with the necessities of life. Therefore, plaintiff will be ordered to show cause why the undersigned should not recommend that plaintiff's application to proceed *in forma pauperis* be denied and that plaintiff be given thirty days in which to pay the filing fee of $350.00. Failure of plaintiff to comply with this order will result in such a recommendation.

      Further, because several of the documents attached to plaintiff's affidavit contain references to what appears to be a Social Security number, the clerk's office will be directed to redact all but the last four digits of those numbers. *See* E.D. Cal. L.R. 140(a) (providing that "pursuant to the Judicial Conference Policy on Privacy and Electronic Access to Case Files, and the E-Government Act of 2002, Pub. L. No. 107-347, effective April 16, 2003, when filing documents, counsel *and the Court* shall omit or, where reference is necessary, partially redact the following personal data identifiers from all pleadings, documents, and exhibits, whether filed electronically or on paper, unless the Court orders otherwise: . . . Social Security numbers:  Use only the last four numbers) (emphasis added).

////

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. On or before January 31, 2011, plaintiff is ordered to show cause, in writing, why the undersigned should not recommend that plaintiff's application to proceed *in forma pauperis* be denied and that plaintiff be given thirty days in which to pay the filing fee of $350.00.

2. Failure of plaintiff to comply with this order will result in such a recommendation.

3. The Clerk's Office is directed to redact all social security numbers from the documents attached to plaintiff's "affidavit of clarification," Dckt. No. 4, and include only the last four numbers. Specifically, the following redactions should be made:

- Page 4, in the description of the deposit of $1154.00 on 12/3/10;
- Page 4, in the description of the deposit of $1254.00 on 12/3/10 (two references);
- Page 4, in the description of the deposit of $1154.00 on 11/3/10;
- Page 5, in the description of the deposit of $1254.00 on 11/3/10 (two references);
- Page 6, in the description of the deposit of $1154.00 on 10/1/10; and
- Page 6, in the description of the deposit of $1254.00 on 10/1/10 (two references).

SO ORDERED.

DATED: January 7, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE