1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MUSU C. BENNETT,

11              Plaintiff,              No. CIV S-10-3320 MCE EFB PS

12        vs.

13   TETRA TECH EC, INC.; LARRY
     SPENCER; BOB WELLS,

14

15              Defendants.              <u>ORDER</u>
     _____/

16        Plaintiff requests authority to proceed *in forma pauperis* in this action and has now

17   sufficiently demonstrated that she is unable to prepay fees and costs or give security thereof.[1]

18   *See* Dckt. Nos. 2, 4, 6.  Accordingly, the request to proceed *in forma pauperis* will be granted.

19        Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant

20   to the *in forma pauperis* statute if, at any time, it determines that the allegation of poverty is

21   untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be

22   granted, or seeks monetary relief against an immune defendant.

23   ////

24

_____

25        [1]  As noted in this court's December 22, 2010 and January 7, 2011 orders, it is unclear
     whether plaintiff seeks leave to proceed *in forma pauperis* pursuant to 42 U.S.C. § 2000e-5(f)(1)
26   or pursuant to 28 U.S.C. § 1915.  *See* Dckt. No. 3 at 1, n.1; Dckt. No. 5 at 1, n.1.

1

1    Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

2   520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if

3   it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

4   *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

5   (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of

6   his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

7   a cause of action's elements will not do.  Factual allegations must be enough to raise a right to

8   relief above the speculative level on the assumption that all of the complaint's allegations are

9   true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable

10  legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

11  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12    In reviewing a complaint under this standard, the court must accept as true the allegations

13  of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

14  (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

15  the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A *pro se* plaintiff must

16  satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule

17  8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the

18  pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the

19  grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)

20  (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

21    Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only

22  those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins.*

23  *Co*., 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 &

24  1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question

25  jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2)

26  allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or

(3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Here, plaintiff's complaint alleges that she was sexually harassed by defendant Spencer while employed at defendant Tetra Tech, Inc., and that she was terminated after she filed a complaint regarding the harassment. Dckt. No. 1 at 3. She alleges that she was harassed, retaliated against, and subjected to a hostile work environment. *Id.* Although plaintiff's complaint does not allege a specific basis for relief, it appears that plaintiff is purporting to sue under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5. However, among other problems with plaintiff's complaint, plaintiff does not allege that she filed a charge with the U.S. Equal Employment Opportunity Commission, does not allege that she received a notice of her right to sue or attach a copy of any such notice to her complaint, and does not establish, therefore, that she exhausted her administrative remedies or that this action was timely filed. *See* 42 U.S.C. § 2000e-5(e)(1), (f)(1).

Moreover, it is unclear whether venue is proper in this district since the complaint alleges that the harassment and retaliation occurred in Mountain View, California, which is located in the Northern District of California. "Title VII authorizes suit 'in any judicial district in the State in which the unlawful employment practice is alleged to have been committed' as well as in the district where employment records are kept, in the district where the plaintiff would have worked but for the alleged unlawful practice, and, if those provisions fail to provide a forum, in the district where the defendant keeps its principal office." *Passantino v. Johnson & Johnson*

3

1   *Consumer Prods., Inc.*, 212 F.3d 493, 504 (9th Cir. 2000) (quoting 42 U.S.C. § 2000e-5(f)(3)).

2          Therefore, plaintiff's complaint will be dismissed with leave to file an amended

3   complaint to correct the deficiencies outlined above.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27

4   (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to

5   correct any deficiency in their complaints).  Should plaintiff choose to file an amended

6   complaint, plaintiff is informed that the court cannot refer to prior pleadings in order to make an

7   amended complaint complete.  Local Rule 220 requires that an amended complaint be complete

8   in itself.  This is because, as a general rule, an amended complaint supersedes the original

9   complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files

10  an amended complaint, the original no longer serves any function in the case.  Therefore, "a

11  plaintiff waives all causes of action alleged in the original complaint which are not alleged in the

12  amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and

13  defendants not named in an amended complaint are no longer defendants.  *Ferdik v. Bonzelet*,

14  963 F.2d 1258, 1262 (9th Cir. 1992).

15         Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil

16  Procedure, this court's Local Rules, or any court order may result in a recommendation that this

17  action be dismissed.  *See* Local Rule 110.

18         Accordingly, IT IS ORDERED that:

19         1.  Plaintiff's request for leave to proceed *in forma pauperis* is granted;

20         2.  Plaintiff's complaint is dismissed with leave to amend; and

21         3.  Plaintiff is granted thirty days from the date of service of this order to file an amended

22  complaint.  The amended complaint must bear the docket number assigned to this case and must

23  be labeled "Amended Complaint."  Plaintiff must file an original and two copies of the amended

24  ////

25  ////

26  ////

1  complaint.  Failure to timely file an amended complaint in accordance with this order will result

2  in a recommendation this action be dismissed.

3  DATED:  April 28, 2011.

4

5                                    EDMUND F. BRENNAN
                                     UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26