1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MUSU C. BENNETT,

11              Plaintiff,                 No. CIV S-10-3320 KJM EFB PS

12        vs.

13   TETRA TECH EC, INC.; LARRY
     SPENCER; BOB WELLS,
14
               Defendants.                <u>FINDINGS AND RECOMMENDATIONS</u>
15   _____/

16        This action, in which plaintiff is proceeding *in propria persona*, was referred to the

17   undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  On April 28, 2011,

18   the undersigned granted plaintiff's request to proceed *in forma pauperis*, but dismissed

19   plaintiff's complaint with leave to amend pursuant to 28 U.S.C. § 1915(e)(2).  Dckt. No. 8.  The

20   court noted that although plaintiff's complaint did not allege a specific basis for relief, it

21   appeared that plaintiff was purporting to sue under Title VII of the Civil Rights Act of 1964, 42

22   U.S.C.

23   § 2000e-5.  However, the court noted that "among other problems with plaintiff's complaint,

24   plaintiff does not allege that she filed a charge with the U.S. Equal Employment Opportunity

25   Commission, does not allege that she received a notice of her right to sue or attach a copy of any

26   such notice to her complaint, and does not establish, therefore, that she exhausted her

                                            1

1   administrative remedies or that this action was timely filed.  *See* 42 U.S.C. § 2000e-5(e)(1),

2   (f)(1)."  *Id.* at 3.  The court further noted that "it is unclear whether venue is proper in this

3   district since the complaint alleges that the harassment and retaliation occurred in Mountain

4   View, California, which is located in the Northern District of California."  *Id.*  Accordingly, the

5   court dismissed plaintiff's complaint, but provided plaintiff with an opportunity to amend her

6   complaint to the extent that she could correct the deficiencies outlined in the April 28, 2011

7   order.

8           On May 23, 2011, plaintiff filed an amended complaint.  Dckt. No. 9.  However her

9   amended complaint appears to allege a number of causes of action that plaintiff alleged against

10  the same defendants sued herein in state court in 2007, and notably does not allege a cause of

11  action under Title VII or any other federal statute.  *Id.* at 1-2.  In fact, plaintiff simply attaches a

12  copy of the complaint that she filed in state court in 2007.  *Id.* at 2.  As previously explained to

13  plaintiff, a federal court is a court of limited jurisdiction, and may adjudicate only those cases

14  authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S.

15  375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer

16  "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction

17  requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a

18  "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be

19  authorized by a federal statute that both regulates a specific subject matter and confers federal

20  jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity

21  jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

22  matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*

23  *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction

24  of the federal courts unless demonstrated otherwise.  *Kokkonen,* 511 U.S. at 376-78.  Lack of

25  subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys*

26  *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).  Here,

2

1   plaintiff's amended complaint does not allege either federal question or diversity jurisdiction.

2   Both plaintiff and defendant are California citizens, and plaintiff has not alleged any violations

3   of federal statutes or the federal constitution.

4         Additionally, plaintiff's amended complaint (plaintiff's state court complaint) reveals that

5   plaintiff was issued a right to sue letter by the California Department of Fair Employment and

6   Housing on December 29, 2006 based on alleged employment discrimination and harassment

7   which occurred in 2006. *Id.* at 17, 80.  However, the amended complaint still does not allege

8   that plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission, does not

9   allege that she received a notice of her right to sue or attach a copy of any such notice to her

10  complaint, and does not establish, therefore, that she exhausted her federal administrative

11  remedies or that this action was timely filed in federal court.  42 U.S.C. § 2000e-5(e)(1), (f)(1)

12  Instead, it appears that plaintiff filed her charge with the California Department of Fair

13  Employment and Housing, received a right to sue letter in 2006, and then pursued her action in

14  state court against the three defendants named herein.  A review of the docket in that state court

15  action further reveals that a jury trial was held in that action in March 2009 and that judgment

16  was entered in favor of the three defendants in July 2009.  Therefore, even if plaintiff's amended

17  complaint alleged a Title VII claim, it appears that plaintiff could not establish that she properly

18  exhausted her administrative remedies, and it appears her complaint would likely be barred by

19  the statute of limitations and/or the doctrine of res judicata.  Further, plaintiff's amended

20  complaint reveals that venue is not proper in this district since the complaint alleges that the

21  harassment and retaliation occurred in Mountain View, California, which is located in the

22  Northern District of California.

23        Accordingly, the court will recommend that this action be dismissed without leave to

24  amend pursuant to 28 U.S.C. § 1915(e)(2).  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)

25  (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not

26  be granted where it appears amendment would be futile).

1       Accordingly, IT IS HEREBY RECOMMENDED that:

2       1.  Plaintiff's amended complaint, Dckt. No. 9, be dismissed without leave to amend; and

3       2.  The Clerk be directed to close this case.

4       These findings and recommendations are submitted to the United States District Judge

5  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

6  after being served with these findings and recommendations, any party may file written

7  objections with the court and serve a copy on all parties.  Such a document should be captioned

8  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

9  within the specified time may waive the right to appeal the District Court's order. *Turner v.*

10 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

11 DATED:  July 12, 2011.

12

13 EDMUND F. BRENNAN
   UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26